### Eli O. Taylor *vs.* John S. C. Knowlton.

If personal property which has been attached on a writ is surrendered by the officer to the defendant therein, upon his request, and upon the substitution of an equivalent in money therefor, and the officer thereupon simply returns an attachment of the money, the defendant in the writ cannot maintain an action against the officer for the original attachment of the property, although the writ is not returned to court.

Gray, J. This is an action of tort against the sheriff of Worcester to recover damages for injuries caused by his deputy to a large number of the plaintiff's hogs, while attaching four of them on a writ against the plaintiff. The deputy wrote a return upon the writ that he had attached fifteen dollars in money, saying nothing about any hogs; and never returned the writ into court, but delivered it to the plaintiff. The defendant introduced evidence that after the attachment of the hogs, and on the same day, by mutual agreement between the plaintiff and the attaching officer, at the request and for the convenience of the plaintiff, the possession of the hogs which had been attached was surrendered to the plaintiff, and this sum of fifteen dollars substituted for them and attached in their stead.

The court are of opinion that this substitution operated as an accord and satisfaction of any claim by the plaintiff against the sheriff or his deputy for attaching these hogs, and to this extent enabled the defendant to justify under the writ, although it was not returned. The jury having been instructed otherwise, and having been permitted to include in their verdict damages for the taking of the hogs attached, as well as for injuring the other hogs, the defendant is entitled to a new trial.

*Exceptions sustained.*

*T. G. Kent & H. L. Parker,* for the defendant, cited *French* v. *Stanley,* 21 Maine, 512; *Williams* v. *Babbitt,* 14 Gray, 141, and cases there cited; *Fifield* v. *Wooster,* 21 Verm. 215; *Conn* v. *Caldwell,* 1 Gilman, (Ill.) 531.

*T. P. Proctor & W. W. Warren,* for the plaintiff.